**GARBUTT v. BLANDING MINES CO.**

No. 2836.

Circuit Court of Appeals, Tenth Circuit.

March 21, 1944.

Knox Patterson and Charles M. Morris, both of Salt Lake City, Utah, for appellant.

Mahlon E. Wilson, of Salt Lake City, Utah, and Mitchell Melich, of Moab, Utah, for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, Frank A. Garbutt, as the owner of a controlling interest in certain mining claims in the State of Utah, brought this suit against appellee, Blanding Mines Company, to recover damages on account of the alleged failure of appellee to core drill, develop and mine the property, and to construct a mill thereon, in accordance with the provisions of a contract between Garbutt and the assignors of appellee. The trial court dismissed the action, and the sole question here is whether the second amended complaint states a claim on which relief can be granted. Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The test is "whether in the light most favorable to the plaintiff, and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim." Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, 869. See also Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302; Continental Collieries v. Shober, 3 Cir., 130 F. 2d 631; Galbreath v. Metropolitan Trust Co., 9 Cir., 134 F.2d 569.

The complaint, as amended, pleads the contract dated April 1, 1940, which pertinently recites that the contracting parties had been previously associated in the operation of the mining property, from which they had produced and sold approximately $20,000 worth of vanadium products; that the parties were desirous of entering into a contract, by the terms of which Bigler, Milenski and Kimmerle, as parties of the

second part, would acquire the right to operate the mining property without "unduly large and continuing commitments"; that Garbutt, party of the first part, would be free from liability in connection with the operation of the property, and would receive a fair proportion of the returns in the event the property became productively valuable.

Accordingly, it was agreed that the parties of the second part would forthwith cause to be organized the appellee corporation (Blanding Mines Company), which as assignee of the contract was to have sole and exclusive possession of the property for the purpose of developing, mining, and marketing the products of the mines. Second parties agreed that as soon as weather conditions permitted, they would "undertake to explore and develop continuously and in good faith ore, and agree to purchase a core drilling machine and to do such amount of core drilling as they deem necessary to assure themselves as to whether they desire to continue with or abandon this agreement". If the second parties elected to abandon the contract and the property, they were to forthwith notify Garbutt in writing and furnish him with a correct record of the results of their core drilling in the event ore was "developed in sufficient quantities in the opinion of the parties of the second part to justify the erection of a mill", they agreed to "commence" the construction of one at or near the property with a minimum capacity of twenty tons per twenty-four hours. Garbutt was to receive a stipulated amount of the gross receipts in lieu of royalty, and was authorized to terminate the contract upon certain stipulated conditions.

In the event a dispute arose under the contract, it was agreed that the same would be settled by arbitration, and it was further provided that should either party fail, refuse, or neglect to perform any act, or comply with any condition thereof, the other party could terminate it by notice in writing to that effect, provided however that before such notice, the aggrieved party would notify the other of the default complained of, setting forth the details thereof; and should the defaulting party cure such complaint within thirty days after such notice, and continue in good faith and with due diligence to cure same, then the cause for termination should be deemed to have been removed.

It is alleged that on May 4, 1942, Garbutt, by written instrument, sold, assigned, and transferred his right, title and interest in and to the contract to the Vanadium Corporation of America, "reserving, however, unto himself the right to receive and collect from the defendants all royalties, benefits and claims accruing to plaintiff from and under or by reason of said contract marked Exhibit 'A' from the date of the execution of said contract up to the 4th day of May, 1942", and that appellee had knowledge of the assignment and acquiesced in it. It is further alleged that between April 1, 1940 (when the contract was executed), and May 4, 1942 (when it was assigned), appellee did not abandon the lease agreement or property, but continued in possession; that "contrary to and in violation of the terms and provisions of the said contract", appellee failed to core drill the mining property to develop or mine the ores, or to construct and operate a mill thereon in accordance with the contract, although weather conditions permitted, and during all of said period there was sufficient ore in the property to be mined and to accommodate a mill of the capacity of twenty tons per twenty-four hours, all of which would have been known to appellee had it core drilled the property as provided in the contract. It is alleged that if appellee had mined and milled ores during the period in accordance with the contract, Garbutt's share of the proceeds would have netted him $27,361.76, whereas he had received the sum of $5,396.04, and he prayed judgment for the difference in the sum of $21,965.72.

Since the appellant pleads the contract, and attaches it as an exhibit to his complaint, his right to recover for an alleged breach thereof is measured by its terms and conditions in respect to the obligations therein imposed. By the terms of the contract, appellee became obligated to "explore for and develop continuously and in good faith". In that respect it was bound to purchase a core drilling machine and to do so much core drilling as it deemed necessary to determine whether it desired to continue or abandon the contract. If ore was developed in sufficient quantities, which in the "opinion" of the appellee justified the erection of a mill, it agreed to construct one at or near the property. But the obligation thus imposed did not bind appellee to do more than exercise good faith, and bad faith is not specifically alleged. It is however alleged that in violation of the terms and provisions of the contract, appellee did not core drill, develop,

or mine the ore, or construct or operate a mill.

The only requirement of a complaint is that it shall contain a short and plain statement of the claim, showing that the pleader is entitled to relief. Federal Rules of Civil Procedure, rule 8(a) (2). When considered in the light of this liberal requirement, it would seem that this allegation should be interpreted to encompass an averment of bad faith. Leimer v. State Mut. Life Assur. Co., supra; Tahir Erk v. Glenn L. Martin Co., supra; Continental Collieries v. Shober, supra. According to the complaint, on May 4, 1942, appellant assigned his right, title and interest in the contract to the Vanadium Corporation, and thereafter the Vanadium Corporation was entitled to all the benefits thereunder. On that date, all parties having treated the contract as valid and subsisting, appellee had the right and duty to core drill, develop, and mine the property in accordance with the contract, and it was accountable to the Vanadium Corporation as assignees of appellant's interest for the benefits provided therein. In other words, the Vanadium Corporation was substituted for appellant in the contract by mutual consent, but by the terms of the assignment as pleaded, appellant reserved unto himself all royalties, benefits, and claims accruing "from and under, or by reason of the lease agreement" up to the date of the assignment.

It is plain therefore, that if a cause of action for the failure to exercise good faith accrued prior to May 4, 1942, it belonged to the appellant and he is not foreclosed from asserting it. In effect, the complaint alleges that if the appellee had core drilled, developed, and mined the property continuously and in good faith according to the terms and provisions of the contract, it would have produced and marketed ore having a value sufficient to yield the appellant $21,965.72 in lieu of royalties, in addition to that which was actually realized. Whether these allegations are capable of satisfactory proof is not our province to decide here. Neither is it our intent or purpose to directly or indirectly approve the measure of the appellant's recovery, as marked out by the pleadings. We hold merely that the complaint when considered in its most favorable light, states a cause of action which is not wholly groundless or impossible of proof. Tahir Erk v. Glenn L. Martin Co., supra; Cohen v.

United States, 8 Cir., 129 F.2d 733; Continental Collieries v. Shober, supra; Louisiana Farmers' Protective Union v. Great A. & P. Tea Co., 8 Cir., 131 F.2d 419; Musteen v. Johnson, 8 Cir., 133 F.2d 106.

The judgment is reversed.