**CLYDE et al. v. BRODERICK et al.**
No. 2910.

Circuit Court of Appeals, Tenth Circuit.
July 26, 1944.

Edward W. Clyde, of Salt Lake City, Utah (B. F. Napheys, Jr., of Denver, Colo., on the brief), for appellants.

Walter W. Blood, of Denver, Colo., and Bert E. Church, of Kansas City, Mo. (Frank E. Shaw of Omaha, Neb., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Edward W. Clyde for himself and in behalf of twenty-two others similarly situated brought this action against his employer, Broderick and Gordon, to recover overtime compensation, liquidated damages and attorney's fee granted by Section 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. The trial court sustained a motion to dismiss the action on the grounds that it appeared from the complaint that the employees were not "engaged in commerce or in the production of goods for commerce," within the purview of the Fair Labor Standards Act, and the employees have appealed.

The sole question presented for decision is whether the facts as pleaded in the complaint warrant the legal conclusion that the appellants were not "engaged in commerce or in the production of goods for commerce" as those words of coverage are used in the Fair Labor Standards Act. In that connection it should be observed that the pleader is not required to do more than make a "short and plain statement" of the facts upon which he relies to establish his claim. Rule 8(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Garbutt v. Blanding Mines, 10 Cir., 141 F.2d 679; Pliner v. Nesvig, D. C., 42 F.Supp. 297. Cf. Mumm v. Jacob E. Decker and Sons, 301 U.S. 168, 57 S.Ct.

675, 81 L.Ed. 983. More than that constitutes a breach of the rule of simplicity, conciseness and directness, which is the spirit and purpose of modern pleadings. Rule 8(e) (1), F.R.C.P.; De Loach v. Crowley's, Inc., 5 Cir., 128 F.2d 378; Barnhart v. Western Maryland R. Co., 4 Cir., 128 F.2d 709; Arn v. Bradshaw Oil & Gas Co., 5 Cir., 93 F.2d 728, 730. All doubts and ambiguities concerning the meaning and intendments of the pleader's language must be resolved in favor of the claim attempted to be stated, and if the language employed to state the claim is not sufficiently definite and particular to enable the adversary to prepare his responsive pleadings or to prepare for trial, the remedy is a motion for a more definite statement or a bill of particulars under Rule 12(e) of the Federal Rules of Civil Procedure. See Simplified Pleadings by Clark, 2 F.R.D. 456.

Fairly summarized, the complaint states that Broderick and Gordon were engaged in the construction of an ammunition plant at Salt Lake City, Utah, pursuant to a contract with the United States Government, and the Remington Arms Company. That during the construction period, equipment, tools and other supplies either owned by Broderick and Gordon or rented or purchased by them, for use on the project were transported on their order from points outside into the state of Utah, and after use there boxed, crated and shipped to points outside the State. That the appellants were employed as warehouse or tool inventory clerks "to handle the tools and equipment which were shipped to the Utah Ordnance Plant from points outside the state of Utah," and to prepare the tools and equipment for shipment interstate. In the course of such employment they unloaded from trucks and railroad cars the equipment thus shipped and when the said tools and equipment were no longer needed on the project they boxed, crated and otherwise prepared them for shipment to various points outside the state of Utah. Appellants claimed overtime hours in excess of the statutory workweek and prayed statutory compensation therefor.

The trial court's decision is predicated primarily upon the premise that according to the allegations of the complaint the work and services performed by the employees were upon and in connection with the construction of a plant or factory which was neither an instrumentality of commerce nor used in the production of goods for commerce, consequently the employees who unloaded tools and equipment shipped in interstate commerce to the plant for use there, and who boxed, crated and otherwise prepared the equipment for shipment to points outside the State could not be engaged in commerce or in the production of goods for commerce, although the plant or factory when finally completed would be used in the production of goods for commerce, citing Raymond v. Chicago, M. & St. P. R. Co., 243 U.S. 43, 37 S.Ct. 268, 61 L.Ed. 583; Pedersen v. Delaware, L. & W. R. Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed. 1125, Ann.Cas.1914C, 153; New York Cent. R. Co. v. White, 243 U.S. 188, 37 S. Ct. 247, 61 L.Ed. 667, L.R.A.1917D, 1, Ann. Cas.1917D, 629; Bamberger Electric R. Co. v. Winslow, 10 Cir., 45 F.2d 499. The decision was also based upon the alternative premises that the tools and equipment which the employees unloaded and later prepared for shipment were the property of the employer, intended for use on the construction project, and that the Act was never intended to apply to employees whose services were devoted to shipment of personally owned property and equipment of the employer, and furthermore the property was shipped across state lines for the convenience of the Government and therefore was not interstate commerce "but a mere administrative act of the Government."

█ It may be conceded the complaint affirmatively shows that the construction project on which the employees were working was neither an instrumentality of commerce nor yet used in the production of goods for commerce, and it is true that to be "engaged in commerce" an employee must be either actually employed in the movement of commerce or in work so closely related thereto as to be for all practical purposes a part of it. McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538; Overstreet v. North Shore Corp., 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656; Rucker v. First Nat. Bank of Miami, Oklahoma, 10 Cir., 138 F.2d 699. And to be engaged "in the production of goods for commerce" the employee must be actually so engaged or his work and services must have such a close and intimate tie therewith as to be considered necessary thereto. Warren-Bradshaw Drilling Co. v. Hall, 317 U. S. 88, 63 S.Ct. 125, 87 L.Ed. 83; Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S. Ct. 1116, 86 L.Ed. 1638; Rucker v. First

Nat. Bank of Miami, Oklahoma, supra. If, therefore, it affirmatively appears from the complaint that the services performed by the appellant were upon or in connection with a purely local project having no substantial relationship to the transportation of goods in commerce, or to the production of goods for commerce, the Act can have no application here and the trial court correctly dismissed the action. But it is the particular activities of the employee and not the nature of the employer's business, or the project on which the services are performed, which necessarily control the question of coverage. Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Rucker v. First Nat. Bank of Miami, Oklahoma, 10 Cir., 138 F.2d 699.

■ According to the allegations of the complaint the work or services performed and for which statutory compensation is claimed, was the unloading of equipment which had been shipped in interstate commerce and the preparation of equipment for shipment interstate. Our concern then is with the actual transportation of goods, not the use to which they will be put after arrival at their intended destination. When goods once enter the channels of interstate commerce they thereby acquire an interstate status which continues until the interstate journey ends and they come to rest at the point of their intended destination, and if a substantial part of an employee's services have to do with the movement of these goods, or is so closely related thereto as to be practically a part of it, such employee is "engaged in commerce" within the meaning of the Act. Walling v. Jacksonville Paper Co., supra; Walling v. Goldblatt Bros., Inc., 7 Cir., 128 F.2d 778. Cf. Jewell Tea Co. v. Williams, 10 Cir., 118 F.2d 202. Loading or unloading of an interstate shipment is so closely related to interstate transportation as to be an integral or component part of the interstate journey, Baltimore & O. S. W. R. Co. v. Burtch, 263 U.S. 540, 44 S.Ct. 165, 68 L.Ed. 433; Puget Sound Stevedoring Co. v. Tax Commission, 302 U.S. 90, 58 S.Ct. 72, 82 L.Ed. 68; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Walling v. Goldblatt Bros., Inc., 7 Cir., 128 F.2d 778, and employees directly engaged in work and services in connection with the loading and unloading of goods moving or about to move in interstate commerce are covered by the Fair Labor Standards Act, and are entitled to compensation according to its mandate. Walling v. Jacksonville Paper Co., supra; Walling v. Goldblatt Bros., Inc., supra; Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172.

The question then is whether according to the allegations of the complaint the work and services of the employees were substantially devoted to the task of unloading the equipment which had been shipped in interstate commerce or in preparing the same for shipment interstate. See Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460. The complaint does not specifically allege that the whole or a substantial part of their duties were thus devoted and the facts when developed either upon the trial of the case or by appropriate and permissible pleadings may show that the unloading of the equipment, or the preparation of the same for shipment was an insubstantial and incidental part of their duties and consequently bore no substantial relationship to the movement of the goods in commerce—in which event the Act is inapplicable to the appellants. But we cannot assume these narrow facts without violence to the liberal construction of pleadings which we must accord the complaint, rather we should resolve the uncertainties in favor of the cause of the pleader and permit him to prove the claim he has stated. Garbutt v. Blanding Mines Co., 10 Cir., 141 F.2d 679.

■ There is nothing in the Fair Labor Standards Act which indicates an intent or purpose to exempt from its coverage employees whose activities relate to the movement in interstate commerce of personally owned goods of an employer or goods moving interstate for the convenience of the United States Government. The Act creates no such exemptions and we cannot. See Walling v. Haile Gold Mines, 4 Cir., 136 F.2d 102; Walling v. Patton-Tulley Transportation Co., 6 Cir., 134 F.2d 945, 949.

■ We hold that the complaint states facts upon which relief can be granted and the case is reversed accordingly.