## GARBUTT v. BLANDING MINES CO.
### No. 3143.

Circuit Court of Appeals, Tenth Circuit.
Nov. 5, 1945.

Knox Patterson and Charles M. Morris, both of Salt Lake City, Utah, for appellant.

W. David McClain, of Denver, Colo., for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This case was here on·a former appeal from a judgment of the trial court sustaining a motion to dismiss on the grounds that the complaint, as amended, failed to state a claim upon which relief could be granted. We held (Garbutt v. Blanding Mines Company, 10 Cir., 141 F.2d 679) the complaint sufficient on its face to state a cause of action, and remanded the case for proof.

The complaint was based upon a contract, dated April 1, 1940, (fully set out in the former appeal) between Garbutt and the Blanding Mines Company, under the terms of which it was agreed that appellee, Blanding Mines Company, would acquire the right to operate certain mining properties which Garbutt owned; that it would have sole and exclusive possession of the property for the purpose of drilling, mining and marketing the products of the mines, and would "undertake to explore and develop continuously and in good faith ore, and agree to pur-

chase a core drilling machine and to do such amount of core drilling as they deem necessary to assure themselves as to whether they desire to continue with or abandon this agreement". If in the opinion of the Company, ore was developed in sufficient quantities to justify the erection of a mill, it agreed to "commence" the construction of one with a minimum capacity of 20 tons per twenty-four hours. Garbutt was to receive a stipulated per cent royalty, or in lieu thereof, one third of the net proceeds from the mining and milling operations.

It was alleged that on May 4, 1942, Garbutt sold his interest in the contract to the Vanadium Corporation of America, "reserving, however, unto himself the right to receive and collect from the defendants all royalties, benefits and claims accruing" under the contract from the date of its execution (April 1, 1940) until its assignment (May 4, 1942). That the appellee had violated the provisions of the contract and prayed damages for the difference between what appellant would have received had appellee developed the properties continuously in good faith in accordance with the contract and what he actually received before assignment.

As we interpreted the complaint, it alleged that if the appellee had core drilled, developed and mined the property continuously and in good faith according to the provisions of the contract, it would have produced and marketed ore having a value sufficient to yield appellant $21,965.72 in lieu of royalties, in addition to the $5,396.04 actually realized. Accordingly, we held that good faith was the obligation of the contract and lack of good faith the gravamen of appellant's lawsuit, and that any cause of action for lack of good faith accruing prior to May 4, 1942, belonged to appellant. We remanded the case to allow proof on the question whether the Blanding Mines Company had violated the contract by failure to exercise the required good faith, and if so, the extent of the damages recoverable.

On remand, appellant introduced evidence tending to show that appellee had not diligently core drilled, developed and produced the mining properties, and the amount and value of ore which would have been produced by diligent and efficient operations. It was agreed, however, on this record that "there was no question of good or bad faith involved in the case". The court sustained appellee's motion for a directed

verdict and entered judgment accordingly for the stated reasons that Garbutt had no claim for "unmined and unmilled ore which is or was still in the ground" when he transferred the mining properties to Vanadium Corporation, and to allow his asserted claim would be in legal effect permit a double recovery for the ore actually produced from the properties. That the question of good faith having been eliminated by agreement, there was nothing to submit to the jury with respect to the ore mined or which should have been mined before assignment.

Since under the law of this case, "good faith" is the essence of the contract and the lack of it the gravamen of the lawsuit, and the parties having agreed on this record that no question of good faith is involved in the case, we have nothing to decide on appeal. We regard the stipulation of the parties as dispositive of the appeal, and the judgment is therefore affirmed.