WALLING, Adm'r, Wage and Hur Division, U. S. Department of Labor, v. STERN- BERG DREDGING CO.

No. 3002.

District Court, E. D. Missouri, E. D.

Feb. 19, 1946.

Douglas B. Maggs, of Washington, D. C., Samuel P. McChesney, of St. Louis, Mo., and Reid Williams, of Kansas City, Mo., for U. S. Department of Labor.

R. Emmett Kerrigan (of Deutsch, Kerrigan & Stiles), of New Orleans, La., and Henry Davis (of Bryan, Cave, McPheeters & McRoberts), of St. Louis, Mo., for defendant.

DUNCAN, District Judge.

This matter coming on to be heard upon the complaint and answer herein, and after trial and argument of counsel and the court being fully advised in the premises, hereby makes its findings of fact, conclusions of law and judgment herein.

### Findings of Fact

I. The court finds that the defendant corporation is and at all times hereinafter mentioned was, a corporation organized under and existing by virtue of the laws of the State of Delaware, having its principal office and place of business in the Arcade Building, in the City of St. Louis, State of Missouri, within the jurisdiction of this court and that the defendant employed and is employing a large number of employees in and about its place of business in St. Louis, Mo., and elsewhere, in the conduct of its business.

II. The parties hereto have heretofore entered into a stipulation covering the facts of this case and the court finds that the facts of this case are in accordance with and as set out in said stipulation of facts and that this stipulation of facts shall be deemed to be a part of the findings of fact herein.

III. Among other things it is stipulated that the defendant has been engaged at various places in the United States and in foreign territories in the deepening, widening, improving and cleaning of navigable interstate waterways and other navigable waters and in the construction, repair, alteration and reconstruction of levees, dikes, canals, launching slips, naval air channels, and landing areas along said waterways and in the operation of a repair plant for the repair of its equipment at Morgan City, La. In its operations defendant owns and operates three hydraulic dredges, four clam shell dredges and various tugs, motor boats, launches, barges and machines and at least one of its dredges is self pro-

pelled, so that it may proceed under its own power from one job site to another job site. Its other dredges are not self propelled and are towed from place to place or from job to job. Defendant's dredges carry extensive supplies of machinery and parts, equipment and stores, and are used in digging material in the course of dredging operations on harbors, canals and waterways as above described. The self propelled dredge, in a dredging operation, functions substantially in the same manner as does defendant's clam shells or hydraulic dredges which are not self propelled. The only difference between a self propelled and a non-self propelled dredge is that the self propelled dredge may proceed under its own power from the scene of one operation to the scene of another operation. These dredges are used for the purpose of digging dredged material in under water operations and depositing such dredged material on shore or in some other designated place. The material, thus dug, may be transported by means of a suction pump and pipeline in hydraulic dredge operations to designated places of deposit either on the water or ashore, or, in clam shell dredge operations, is deposited on barges and transported away or the full bucket swung away from the digging and then emptied.

IV. Defendant's dredges are operated by a crew ordinarily consisting of a master or captain in charge of the dredge and of the dredging operations, and such foremen as may be necessary to assist the master of the dredge, an engineer and an assistant engineer, a lever man or operator who operates the dredging machinery by manual operations, oilers, welders, electricians, cooks, waiters and such other common laborers as the operations may require.

None of defendant's dredging employees are required by defendant as a condition of employment to be certificated as seamen by the United States Government or have any United States Government license, or to sign seaman's articles, or to be examined or required to pass any tests for their knowledge of the laws of navigation before hiring.

Each dredge has an auxiliary fleet of tug boats, motor boats, fuel barges, equipment barges and other specialized type of barges, which fleet is used for transporting fuel, equipment, the officers and crew in various operations between the shore and the dredge, or in transporting the dredge, its officers, crew and equipment from one job site to another. These crew members, during the dredging operations, are engaged in performing various and sundry tasks connected with such dredging operations or, as in the case of cooks and waiters, in performing operations necessary for the crew of such dredges. The respective duties of each of these employees are set out in considerable detail in the stipulation of facts hereinabove referred to.

V. In hydraulic dredging operations none of defendant's employees engaged in handling the shore pipeline are considered by it to be seamen and defendant has paid such shore pipeline employees in accordance with the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., since the passage of said Act and are carried by defendant on separate payrolls, and all of defendant's employees in its clam shell dredging operations who are employed on land have been paid in accordance with the Fair Labor Standards Act since the time of its passage, the same as defendant has paid its shore pipeline crew. None of the members of the dredging crews engaged in work aboard defendant's dredges and the appurtenant craft, has been paid in accordance with the provisions of the Fair Labor Standards Act except for a period from about February 1, 1944, to about October 15, 1944, during which period one of defendant's dredges was employed on a Government contract which provided for the payment of wages at the rate of one and one-half times the regular rate of pay for all hours in excess of 40 hours a week, which contract provisions defendant complied with.

In addition to its marine operations, defendant constructs and maintains levees and dikes. All of defendant's employees who are employed on land in the construction of such levees and dikes have been paid in accordance with the Fair Labor Standards Act since the time of its passage, the same as defendant's shore pipeline crew.

VI. The tug boat captains, tug boat mates and the personnel on defendant's tug boats and motor boats when engaged exclusively in the workweek in navigating defendant's tug boats and motor boats in transportation, are considered by plaintiff to be seamen.

VII. The parties have stipulated that for the purpose of this case the issue of whether defendant's dredge employees engaged in the construction, deepening and widening of canals for certain oil com-

panies in the marshes of Louisiana are engaged in commerce or the production of goods for commerce, is withdrawn by both parties without prejudice.

VIII. Defendant's dredge crews, with the exception of the captain and chief engineer, are paid on an hourly rate basis at straight time rates per hour with no additional payment for any overtime after 40 hours in a week and the pay period is semimonthly with a deduction of $1 a day for each crew member for meals and most of said employees for the greater part of their workweeks, have worked longer than 40 hours in the workweek and have not been paid overtime in accordance with the overtime provisions of the Fair Labor Standards Act for such hours of work in excess of 40 in the workweek.

IX. Defendant, with respect to its employees which it has paid in accordance with the provisions of the Fair Labor Standards Act, has made, kept and preserved adequate and accurate records with respect to their wages, hours and other conditions of employment as prescribed by the Fair Labor Standards Act and the regulations adopted by the Administrator thereunder, but with respect to its dredge crews, records have not been kept and preserved by defendant with respect to their wages, hours and other conditions as prescribed by said Act and the regulations adopted by the Administrator thereunder.

X. Defendant maintains and operates in Morgan City, La., a repair plant or depot at which it employs welders, carpenters, electricians, mechanics, operators and common laborers in the repair of defendant's dredges, barges, drag lines, and other motor boats which are used in or at its various jobs located in Louisiana and in other states, and which have been transported to this repair depot from such jobs and some of which may be expected to be redistributed after repair to job sites in states other than Louisiana.

XI. Defendant's employees at said Morgan City plant have, on frequent workweeks, worked hours in excess of 40 hours in a workweek and have not been paid in accordance with the overtime provisions of the Fair Labor Standards Act, nor have records been kept and preserved with respect to their wages, hours and other conditions of employment as prescribed by the Fair Labor Standards Act and the regulations adopted by the Administrator thereunder.

## Conclusions of Law

I. The court has jurisdiction of the subject matter and of the parties herein by virtue of the provisions of Section 17 of the Fair Labor Standards Act.

II. Defendant, in its dredging operations, and its dredge crew employees, are engaged in commerce or in the production of goods for commerce in the deepening, widening, improving and cleaning of navigable interstate waterways and in the repair, alteration and reconstruction of levees, dikes and canals, in aid of navigation, and launching slips, naval air channels and landing areas along said waterways, and are subject to the provisions of Sections 7 and 11(c) of the Fair Labor Standards Act and the record keeping regulations adopted thereunder by the Administrator.

The court finds that the word "seamen" in the Fair Labor Standards Act of 1938 is used in an exception and the court believes that it is required to construe the exception strictly so as to effectuate the remedial purpose of Congress in adopting the Act. It was apparently the intention of Congress to exempt from the Act those whose wages and hours of labor and other provisions were regulated by some other Governmental agency. The wages and hours of dredge men are not, as the court understands it, regulated by any other Governmental agency. Furthermore, the court concludes that an employee should be regarded as employed as a seaman if he performs, as master or subject to the authority, direction, and control of the master aboard a vessel, services which are rendered primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character. It is the conclusion of this court that the exemption does not extend to employees whose services are not rendered primarily as an aid in the operation of a vessel as a means of transportation. The dredge crew employees of defendant are employed in dredging operations and in the digging and handling of such dredged materials and this is the primary purpose of their employment, rather than the operation of such dredges as a means of transportation and since the services of these dredge employees is not rendered primarily as an aid in the operation of the vessel as a means of transportation, this court concludes that

they do not come within the exemption contained in Section 13(a)(3).

Defendant's employees, at its repair plant at Morgan City, La., are engaged in commerce and in the production of goods for commerce and entitled to the benefits of the provisions of Section 7 of the Fair Labor Standards Act in all workweeks in which they are engaged in the repair or maintenance of defendant's dredges, barges, drag lines, motor boats, or other equipment, which equipment is or has been engaged in or at its various jobs on interstate navigable waterways located in the State of Louisiana, or other states, and which has been transported to this repair depot from such job sites or which may be expected after such repair or maintenance to be redistributed to job sites in states other than the State of Louisiana.

In this connection the court, in reaching its conclusions of law, states that the decisions in the cases of Walling v. Bay State Dredging & Contracting Co., 1 Cir., 149 F.2d 346, certiorari denied November 5, 1945, 326 U.S. 17, 66 S.Ct. 140; Walling v. Great Lakes Dredge & Dock Co., 7 Cir., 149 F.2d 9, certiorari denied November 5, 1945, 326 U.S. 4, 66 S.Ct. 140; and Walling v. Patton-Tulley Transportation Company, 6 Cir., 134 F.2d 945, are controlling and decisive of the issues here and support the claim of the Administrator for injunctive relief in this cause. Furthermore, with respect to the employees of defendant in its Morgan City, La., repair depot, the Administrator is entitled to injunctive relief herein under the views contained in the cases of Clyde v. Broderick and Gordon, 10 Cir., 144 F.2d 348, and Slover v. Wathen et al., 4 Cir., 140 F.2d 258.

III. That the defendant has violated and is violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act and the record keeping regulations issued thereunder by the Administrator.

IV. The court finds from the stipulation of facts herein and statements of counsel that the defendant company as to all of its other employees engaged in covered occupations other than its employees employed aboard a dredge and its employees at its Morgan City, La., repair depot, have been paid overtime in accordance with the Fair Labor Standards Act and defendant's counsel have declared the defendant's intention to continue to pay such covered employees such overtime as required by the Act and therefore the court concludes that injunctive relief is not necessary to obtain future compliance by the defendant as to such covered employees.

## Judgment

It is Ordered, Adjudged, And Decreed that defendant, its officers, agents, servants, employees, attorneys, and all persons acting or claiming to act in its behalf and interest, be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., hereinafter referred to as the Act in any of the following manners:

(1) The defendant shall not, contrary to Section 7 of the Act, employ any person aboard a dredge in the maintenance, development and improvement of navigable interstate waterways or in the repair, alteration and reconstruction of levees, dikes and canals, in aid of interstate navigation, and launching slips, naval air channels or landing areas along said waterways for a workweek longer than 40 hours, unless the employee receives compensation for his hours of work in excess of 40 hours in a workweek at a rate not less than one and one-half times the regular rate of pay at which he is employed.

(2) The defendant shall not, contrary to Section 7 of the Act, employ any person in its repair plant at Morgan City, La., who is engaged in the repair or maintenance of defendant's dredges, barges, drag lines, motor boats or other equipment, which equipment is or has been engaged in or at its various jobs on interstate navigable waterways located in the State of Louisiana or other states and which has been transported to this repair depot from such job sites or which may be expected after such repair or maintenance to be redistributed to job sites other than the State of Louisiana for a workweek longer than 40 hours unless such employee is paid for all hours in the workweek in excess of 40 hours at a rate not less than one and one-half times the regular rate of pay for which he is employed.

(3) The defendant shall not fail to make, keep, and preserve records of its employees, and of the wages, hours, and other conditions and practices of employment maintained by it, as prescribed by the

regulations of the Administrator issued, and from time to time amended, pursuant to Section 11(c) of the Act, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

Counsel for defendant having indicated that an appeal will be taken from this judgment and having requested a stay of execution pending such appeal, it is hereby ordered that this decree be stayed during the pendency of such appeal.

It is Further Ordered, Adjudged, And Decreed that each party stand its own costs.