PORTER, Price Administrator, v.
KARAVAS et al.
No. 3311.

Circuit Court of Appeals, Tenth Circuit.
Nov. 6, 1946.

Max Melville, Regional Litigation Atty., Office of Price Administration, of Denver, Colo. (George Moncharsh, Deputy Administrator for Enforcement, David London, Director, Litigation Division, Albert M. Dreyer, Chief, Appellate Branch, and Arthur G. Silverman, Sp. Appellate Atty., all of Office of Price Administration, all of Washington, D. C., on the brief), for appellant.

Seth & Montgomery, of Santa Fe, N. M., for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The Administrator, Office of Price Administration, instituted this action against John Karavas and James Karavas. It was alleged in the first amended complaint that the defendants were engaged in the operation of a restaurant in Taos, New Mexico; that they sold foods and beverages there; and that on or about August 20 and 21, 1945, they made sixty sales of meals, food items, and beverages at prices in excess of the maximum ceiling prices in force and effect at that time. The items sold, the ceiling prices, the selling prices and the overcharges were set out separately, item by item. The names of the purchasers were not set out, and it was affirmatively alleged that they were unknown to the Administrator. It was further alleged that more than thirty days had elapsed since the occurrence of the overcharges; that the defendants had not refunded to the persons making the purchases any part of the overcharges; and that none of the persons had instituted any action against the defendants on account of the overcharges. The pleading contained a request that the overcharge as to each sale be treated as a separate cause of action as though set forth in a separate count or claim. The prayer was for damages in the sum of $3000 and for general relief. The defendants filed a motion to dismiss the amended complaint. The court sustained the motion and dismissed the action. The Administrator appealed.

In considering a motion of this kind to dismiss a cause for failure of the complaint to state a claim upon which relief can be granted, every material fact well pleaded in the complaint construed in the light most favorable to plaintiff is admitted, and the legal question presented is whether the pleading construed in that manner states a cause of action on which plaintiff is entitled to recover. Galbreath v. Metropolitan Trust Company of California, 134 F.2d 569.

Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c, in presently material part requires that a complaint contain a short and plain statement of the claim showing that the plaintiff is entitled to relief and a demand for the relief to which he deems himself entitled. The purpose of the rule is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity. And all doubts or ambiguities concerning the meaning or intendment of the pleader's language must be resolved in favor of the claim attempted to be stated when the complaint is attacked by a motion to dismiss the action. Clyde v. Broderick, 10 Cir., 144 F.2d 348.

Rule 12(e) provides among other things that within twenty days after the service of a pleading upon him, a party may move for a more definite statement or for a bill of particulars in respect of any matter not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. Indefiniteness of a complaint is not ground for dismissing the

action if it states a claim showing that the plaintiff is entitled to relief. And where the complaint states a claim in general language but is not sufficiently definite in certain respects to enable the defendant to answer or to prepare for trial, the remedy is to move for a more definite statement or for a bill of particulars. Clyde v. Broderick, supra.

One ground of the motion to dismiss was that the complaint failed to identify the sales sufficiently to protect the defendants against future suits on the same cause of action by the individual customers in their own names and for their own benefit. The pleading was specific in respect of the dates of the sales, and it set forth item by item the commodities sold, the ceiling prices, the selling prices, and the overcharges. The pleading was sufficiently specific in these respects. The names of the purchasers were not set forth but it was pleaded that their names were unknown to the Administrator, and, therefore, a motion under Rule 12(e) to make the complaint more definite by setting forth such names or for a bill of particulars giving them would have been nothing less than a futile gesture. Judicial notice may be taken of the common trade practice in the conduct of the ordinary commercial restaurant to give to customers who purchase and consume foods and beverages on the premises sale slips, tickets, or checks specifying the commodities sold and consumed but not the names of the purchasers, for the customers to present and pay such slips, tickets, or checks to the cashier, and for them to be kept and retained as part of the records of the business. It may well be that slips, tickets, or checks of that kind were made and kept in the course of the business of the defendants. It cannot be said that the failure of the complaint to set out the names of the purchasers rendered the complaint fatally defective and warranted dismissal of the action.

Another ground of the motion was that the amended complaint did not allege the number of customers or the number of separate sales and consequently it was not possible to determine whether the Administrator was splitting the cause of action to which he alleged he had succeeded by reason of the failure of the individual customers to sue in their own names and for their own benefit. Assuming that the complaint was deficient for failure to allege the number of customers and the number of separate sales, the remedy was a motion for a more definite statement or for a bill of particulars. It was not a motion to dismiss the action. Cf. Clyde v. Broderick, supra.

A third ground of the motion was that the amended complaint alleged that the actual purchasers were unknown to the Administrator but further alleged that such persons made the purchases for use or consumption other than in the course of trade or business, and that since the names of the persons were unknown the allegation relating to the use to which the persons put the commodities was incapable of proof. Whether the allegation that the purchases were made for use or consumption other than in the course of trade or business could be sustained by evidence was a matter of proof on the trial of the case. The Administrator was entitled to an opportunity to adduce the requisite proof. No matter how unlikely it may have seemed that he would be able to uphold the allegation with proof, he was entitled to the opportunity to do so. Carroll v. Morrison Hotel Corporation, 7 Cir., 149 F.2d 404.

The remaining ground of the motion was that the amended complaint did not identify the sales in sufficient detail to enable the defendants to prepare a defense. It is to be borne in mind that the complaint alleged specifically the place of the sales, the dates, the commodities, the ceiling prices, the selling prices, and the overcharge, item by item. Keeping in mind the nature of the business conducted by the defendants, we think the complaint did identify the sales sufficiently to enable the defendants to prepare their defense.

The judgment is reversed and the cause remanded.