227 F.2d 878
 Robert B. KEENAN, Appellant,
v.
Ned LOONEY, Clyde J. Watts, James H. Ross, Robert Dudley
Looney, Edward W. Smith, doing business under the
name of Looney, Watts, Ross, Looney and
Smith, Appellees.
 No. 5179.
 United States Court of Appeals Tenth Circuit.
 Nov. 7, 1955.
Rehearing Denied Dec. 16, 1955.
 
 Robert B. Keenan (L. F. Burke, Longview, Tex., was with him on the brief), pro se.
 R. D. Hudson, Tulsa, Okl. (Cecil T. O'Neal, Oklahoma City, Okl., was with him on the brief), for appellees.
 Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, District Judge.
 PHILLIPS, Chief Judge.
 
 
 1
 Keenan brought this action against Ned Looney, Watts, Ross, Robert Dudley Looney and Smith[1] to recover a share of a fee paid to the defendants for legal services.
 
 
 2
 In the complaint it was alleged that the defendants on or about August 5, 1953, requested Keenan to become associated with them as attorneys in a matter concerning the will of Murray Case Sells, out of which a contest was filed in the county court of Gregg County, Texas, entitled Daniel I. Iffert, guardian of Carol Jean Iffert, a minor v. First National Bank in Dallas, Texas, Independent Executor of the Estate of Murray Case Sells, deceased, and numbered 4348; that Keenan agreed to associate himself as counsel in such case 'with the understanding and agreement by plaintiffs and defendant that he was not to appear as attorney of record' in the case, for the reason that it might be necessary for him to become a witness at the trial, and that Keenan's compensation was contingent upon recovery.
 
 
 3
 It was further alleged that Keenan furnished defendants with the source of certain material evidence and information as to persons and places where additional evidence, oral and documentary, could be obtained; that as a result of the information, evidence and 'law of the case' supplied by Keenan to defendants, and other recommendations and suggestions made by Keenan to defendants, they were able to effect a settlement of the litigation for the sum of $500,000; that defendants received $250,000 of the sum received in settlement, from which they paid $125,000 to Jerry Sadler, who had been employed at Keenan's suggestion as counsel in the case; that Keenan demanded from defendants his share of the fee received by them and that they failed and refused to pay him any part of such fee. Keenan prayed for judgment in the sum of $67,500.
 
 
 4
 The matter came on for trial. Thereupon, the defendants interposed a motion to dismiss the action for the reason that the alleged contract of employment was contrary to public policy and was void and unenforceable because of the term of the agreement that Keenan was not to appear as an attorney of record for the reason that it might be necessary for him to become a witness at the trial. The trial court sustained the motion and dismissed the action. Keenan has appealed.
 
 
 5
 The allegations of the complaint must be construed most liberally in favor of Keenan.[2] In Clyde v. Broderick, 10 Cir., 144 F.2d 348, 350, we said: 'All doubts and ambiguities concerning the meaning and intendments of the pleader's language must be resolved in favor of the claim attempted to be stated'. See also Porter v. Karavas, 10 Cir., 157 F.2d 954, 985; Knox v. First Security Bank of Utah, 10 Cir., 196 F.2d 112, 117.
 
 
 6
 In Garbutt v. Blanding Mines Co., 10 Cir., 141 F.2d 679, we said: 'The test is 'whether in the light most favorable to the plaintiff, and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim." See also Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, 869.
 
 
 7
 As stated by Professor Moore in 2 Moore's Fed.Prac., 2d Ed., § 8.13, p. 1653, '* * * the courts have ruled time and again that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.'[3]
 
 
 8
 We cannot assume that it was intended that the fact that Keenan was an associate counsel in the case should be concealed from the court if he should be called to testify as a witness. Neither can we assume in the light of the allegations of the complaint that Keenan was to receive compensation for testifying as a witness. Under the allegations of the complaint the compensation was to be paid for legal services alleged to have been rendered.
 
 
 9
 Canon 19 of the Canons of Professional Ethics of the American Bar Association reads as follows:
 
 
 10
 'APPEARANCE OF LAWYER AS WITNESS FOR HIS CLIENT. When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client.'
 
 
 11
 We think it is a fair inference from the allegations of the complaint that the provision in the agreement attacked by the motion was made for the purpose of complying with that Canon.
 
 
 12
 Accordingly, we conclude that the court erred in dismissing the action.
 
 
 13
 The judgment is reversed and the cause is remanded.
 
 
 
 [1]
 Hereinafter referred to as the defendants
 
 
 [2]
 Cohen v. United States, 8 Cir., 129 F.2d 733, 736
 
 
 [3]
 See also 2 Moore's Fed.Prac., 2d Ed., § 12.08, p. 2245; Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615; Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, 306; Cohen v. United States, 8 Cir., 129 F.2d 733, 736; Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635; 3 Ohlinger's Fed.Prac., Rev.Ed., Rule 8(6), p. 156