## Clegg and Clegg v. Lees and Lees, Appellants.

*Sales—Acceptance—Act of May 19, 1915, section 4, P. L. 543 (Sales Act).*

In an action of assumpsit for goods sold and delivered under an oral contract of sale, in excess of $500, in order to enforce the same, in the absence of a part payment or memorandum in writing, it must be established that there was an acceptance and receipt of the goods within the provisions of the 4th section of the Act of May 19, 1915, P. L. 543 (Sales Act), providing that such a contract of sale shall not be enforceable unless the buyer shall accept part of the goods, etc.

As to the character of the acceptance which will take the sale out of the statute and justify an action to enforce it, there is an acceptance of the goods within the meaning of the act when the buyer, either before or after the delivery of the goods or any part thereof, expresses, by words or conduct, his assent to becoming the owner of those specific goods.

The acceptance requisite to enforce by action an oral contract of sale is very properly differentiated from the acceptance defined in section 48 of the Sales Act, as indicating the buyer's satisfaction with the performance of the contract by the seller.

The 4th section of the statute affects only the remedy and not the validity of the contract, and a compliance with the requirements of the act as to the acceptance of the goods and their receipt by the buyer satisfies the conditions necessary to warrant an action against him for the enforcement of the contract.

Where there is evidence that there was such an acceptance, within the meaning of the statute, the plaintiffs are entitled to bring their action to enforce their contract, and secure a recovery if entitled thereto on the merits.

Argued October 10, 1923. Appeal, No. 43, Oct. T., 1923, by defendants, from judgment of Municipal Court of Philadelphia, June T., 1922, No. 635, on verdict for plaintiff, in the case of Richard M. Clegg and Harry Clegg, trading as Richard M. Clegg & Co., v. Warren H. Lees and Russell C. Lees, trading as William H. Lees' Sons. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $598.55, and judgment thereon. Defendants appealed.

*Errors assigned* were the charge of the court and refusal of defendant's motions for a new trial and judgment non obstante veredicto.

*Julius C. Levi,* and with him *David Mandel, Jr.,* for appellants.—There was no evidence of acceptance: Story on Sales, section 278; Howard Express Co. v. Wile, 64 Pa. 201; School Furniture Co. v. Warsaw School District, 122 Pa. 494; Dolan Mercantile Co. v. Marcus, 276 Pa. 408.

*J. Joseph Stratton,* for appellees.—There was sufficient evidence of receipt and acceptance of the goods: Josephson v. Weintraub, 78 Pa. Superior Ct. 16; Newman D. & S. Co. v. Wayne, 2 Dist. & County Reports 266; Wexelblatt v. Katman & Greenburg, 75 Pa. Superior Ct. 221; Dolan Mercantile Co. v. Marcus, 276 Pa. 408.

OPINION BY KELLER, J., February 29, 1924:

This was an action in assumpsit for a lot of cotton yarn sold and delivered by plaintiffs to defendants. The testimony as to what occurred prior to and at the con-

summation of the sale was conflicting. The issues of fact were submitted to the jury in a charge as to which there was no complaint by defendants except the refusal to give binding instructions in their favor. The verdict for the plaintiffs resolves all such issues of fact in their favor and we must consider the evidence in the light most advantageous to them.

The only point of law involved in this appeal deals with the construction of the fourth section of the Sales Act, (Act of May 19, 1915, P. L. 543). It provides, inter alia, that "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The goods in suit were of the value of more than five hundred dollars; nothing was given by way of earnest or in part payment; no note or memorandum in writing of the contract was signed by the defendants or any one in their behalf. Whether this action on the sale can be enforced depends, therefore, upon whether there was an acceptance and receipt of the goods by the defendants.

As to the character of the acceptance which will take the sale out of the statute and justify an action to enforce it, the act says, (section 4, paragraph 3) : "There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, or any part thereof, expresses by words or conduct his assent to becoming the owner of those specific goods."

Commenting on this provision the editor of Uniform Laws, Annotated, Vol. 1, p. 30, very properly differentiates such an acceptance, requisite to enforce by action an oral contract of sale, from the acceptance defined in

section 48 of the act as indicating the buyer's satisfaction with the performance of the contract by the seller. He says: "It would seem that an acceptance sufficient to permit the proof of an oral contract is not necessarily the same as an acceptance sufficient to show the satisfaction of the buyer with his bargain. In other words, a buyer might accept the goods so far as to preclude him from setting up the statute of frauds as a defense without accepting to the extent of precluding him from setting up other defenses such as the failure of the goods to comply with the contract or the like." This is especially the case as respects such an acceptance—which is expressly sanctioned in the act as above—made before the delivery of the goods, which while sufficient to warrant the enforcement by action of an oral contract, may not preclude the buyer from defending in such action if the goods prove not to be as represented or warranted. For example, if on inspection of an automobile, a piano, or other article of merchandise, I agree to purchase that specific article and it is delivered to me, an action may be brought against me to enforce such contract without any payment on account, or note or memorandum in writing signed by me, even though on examination of the article after delivery I find it is not as warranted, refuse to keep it, and offer to return it to the seller. For in such case I am within the very terms of the third paragraph of the fourth section of the act and having by my words or conduct expressed my assent to becoming the owner of that specific article, the right to bring an action against me on the oral contract becomes complete upon delivery of the article to me leaving the outcome of the action dependent on the determination of the jury upon the merits from the facts in evidence: Castle v. Swift 133 Md. 631, 104 Atl. 187; Carroll v. Schmolck, 164 N. Y. S. 415. It must always be remembered that the fourth section of the statute affects only the remedy and not the validity of the contract, (Producers Coke Co. v. Hoover, 268 Pa. 104, 109), and a compliance with

the requirements of the act as to an acceptance of the goods, (within the language of the act), and their receipt by the buyer, satisfies the conditions necessary to warrant an action against him for the enforcement of the contract.

There was evidence in the present case, which, if believed by the jury, would justify a finding by them that one of the defendants inspected the very lot of yarn in suit at the plaintiffs' warehouse, drew samples of it and took them to his partner for examination; that after such inspection and examination the other partner, acting on behalf of the defendants, agreed to buy the whole lot of yarn, "As is," at 17½c per pound, and thereby before delivery expressed defendants' assent to becoming the owners of those specific goods; and that the specific goods thus purchased by them were actually delivered to and received by the defendants. This brings the case squarely within the requirements of the Sales Act and permits the plaintiffs to bring their action to enforce the contract, and a recovery if entitled thereto on the merits.

The jury having decided the disputed issues of fact as to the merits of the case in favor of the plaintiffs without substantial complaint by the defendants as to the rulings of the court in connection therewith, it follows that the judgment on the verdict should not be disturbed.

The assignments of error are overruled and the judgment is affirmed.