**PHILLIPS v. ALD, Inc.**
**Civ. No. 8951.**

United States District Court
E. D. Pennsylvania.

Feb. 28, 1949.

Wilbur Greenberg, of Philadelphia, Pa., for plaintiff.

Sidney Schulman and Martin H. Yusem, both of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This case arises on a motion to dismiss the complaint, a motion that should not be granted " * * * [unless] it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." See Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 634, 635. An examination of the complaint and a copy of the contract entered into by the parties convinces me that this standard is not met. Plaintiff bought from defendant, a distributor of Westinghouse, equipment to be installed in a self-service store laundry unit to be operated by plaintiff. The complaint alleges four separate bases for recovery: defendant recommended that the store premises be used by plaintiff for a self-service laundry unit, when the premises were actually defective in many details; defendant unduly delayed delivery of plans and specifications for preparing the store for the equipment; defendant delivered coin meters of a type different in quality from those shown to plaintiff as a sample; defendant installed the equipment in a defective manner. For each of these alleged breaches of duty plaintiff claims damages. Assuming the facts of the complaint to be true, defendant's motion to dismiss cannot be granted. Thus, defendant argues that the contract placed it under no duty to disclose to plaintiff that the premises were termite-ridden ' or otherwise defective. Even on its own ground, however, its motion would fall, for the contract is not so clear on this point as to make irrelevant evidence as to custom or correspondence. Moreover, plaintiff is urging a theory of promissory estoppel, which, of course, will depend not upon interpretation of the written contract, but upon a determination of other facts. Nor do I think that recovery on a theory of deceit would be impossible, even under this complaint. Similar barriers to granting its motion are raised by defendant's other arguments. It contends that there was no undue delay in delivering the plans and that, in any event, this could not have damaged plaintiff because installation of the equipment was not also delayed. However, whether there was undue delay and whether plaintiff thereby suffered any damage are the very issues defendant must meet; neither it nor the Court can assume the opposite on a motion to dismiss. With reference to the coin meters defendant again assumes on its motion facts which

it must either prove or demonstrate as uncontroverted. Thus, it asserts that plaintiff's failure to give notice of the alleged breach of warranty bars it from recovering damages. But whether notice was given or not is a fact and I do not understand Texas Motorcoaches v. A. C. F. Motors Co., 3 Cir., 154 F.2d 91, as holding that failure to allege notice in the complaint bars the action. Moreover, it is possible to construe the complaint as alleging that notice was given. Defendant further contends that there is no implied warranty as to fitness for a specific purpose under either the Pennsylvania or Illinois Sales Act 69 P.S. § 1 et seq.; Ill.Rev.Stat.1947, c. 121½, § 1 et seq., where an article is sold under a patent or trade name. I can better determine on a fuller record whether the laundry units involved here were sold under a trade name. But, in addition, this argument ignores plaintiff's contention that an implied warranty in a sale by sample was involved. Cf. Uniform Sales Act, Sec. 16. Finally, defendant's objection that it did not install the equipment and cannot, therefore, answer for any defect in the installation is the sort of defense it should raise by answer. Certainly the wording of the contract itself does not bar the construction apparently urged by plaintiff. But even if the contract provided that someone else should do the installation, and defendant actually did do it, and defectively, I do not think the contract would bar this suit as a matter of law. Accordingly, therefore, an order will be entered denying defendant's motion to dismiss.