**RYAN et al. v. JONES.**
No. 10821.

United States District Court
E. D. Pennsylvania.
July 13, 1950.

309

Wexler & Weisman, Philadelphia, Pa., for trustees.

James F. McMullan and Robert N. Ferrer, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This suit was brought by the trustees in bankruptcy against a former director to recover the sum of $33,000 representing corporate funds alleged to have been fraudulently diverted by the bankrupt corporation to the defendant. The amended complaint avers that the defendant invested $33,000 for shares of stock in the corporation, and that subsequently transfers totaling that sum were made to him by the corporation, amounting to a return of his entire investment, but suppressed upon the corporate books and records through fictitious entries; that the defendant nevertheless at all times retained his shares of stock; and that the diversion and transfer of the $33,000 was fraudulent as to existing and future creditors, under the terms of Sections 67 and 70 of the Bankruptcy Act, 11 U.S.C.A. §§ 107, 110. The defendant moves for a dismissal or, in the alternative, for a more definite statement of certain portions of the complaint.

A motion to dismiss will be granted only where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635. Tested by this standard, the complaint survives the motion. It alleges, inter alia, that the diversion of the corporate assets to the defendant was fraudulent to existing and future creditors because made "with actual intent to hinder, delay or defraud either present or future creditors."

310

The averment follows the language of Section 7 of the Pennsylvania Uniform Fraudulent Conveyances Act, 39 P.S. §§ 351 et seq., 357, wherein fraudulent transfers are defined. The definitions of that Act are made effective here by virtue of Section 70, sub. e of the Bankruptcy Act, which also gives bankruptcy courts concurrent jurisdiction with the State court that would have had jurisdiction if bankruptcy had not intervened, for the purpose of the trustee's recovery or avoidance of a fraudulent transfer. It does not appear that the plaintiffs will not be able to prove the alleged state of facts in support of their claim, and if they do advance the necessary proof, they will be entitled to relief. The other averments of the complaint similarly withstand the motion to dismiss, but it is unnecessary to consider them, inasmuch as the complaint is adequately tested against the motion by considering one state of facts alleged.

The defendant also urges that certain allegations of the amended complaint are so vague as to be unintelligible, in so far as they assert that "defendant contrived with the other officers and directors" to procure return of his capital contribution; that a "collusive arrangement" was entered into to effect a withdrawal of the remainder of defendant's contribution; and that pursuant to the "scheme and purpose aforesaid" a meeting of the board of directors was held. I cannot agree that these allegations are unintelligible. On the contrary, I believe they are statements of the transaction adequate to identify it with reasonable certainty, and no more is required under our system of notice pleading. It is unnecessary to set forth evidentiary details on the theory that the parties know nothing of the matters in litigation except what is said in the pleadings. In fact, for the plaintiffs to have pleaded the details asked by the defendant might well have done violence to Rule 8, Fed.Rules Civ.Proc., 28 U.S.C.A., which requires "a short and plain statement of the claim"; and certainly, the allegations of the complaint are not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," under Rule 12(e). The defendants' further objection that the amended complaint does not state whether the bankrupt corporation was solvent or insolvent at the time the payments were made (or whether they were made out of capital or earned surplus, or what were the capital and surplus) is entirely without merit. If the transfers were fraudulent under the applicable statutes, those considerations are irrelevant.

Accordingly, the motions to dismiss and for a more definite statement will be denied.