INTERSTATE HOSIERY MILLS, Inc., v. WALNUT HOSIERY MILLS, Inc.

No. 3819.

United States District Court
M. D. Pennsylvania.

Jan. 5, 1951.

928

Nogi, O'Malley & Harris, Scranton, Pa., for plaintiff.

Frederick E. Lark, Vincent B. Makowski, Shamokin, Pa., for defendant.

FOLLMER, District Judge.

This is an action for damages for an alleged breach of contract. Requisite jurisdictional facts have been alleged. Pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. the defendant has moved to dismiss the complaint for insufficiency of statement.

The complaint, which consists of two counts, alleges that plaintiff is a Delaware corporation, with its principal place of business in New York, N. Y.; and that the defendant, a hosiery manufacturer, is a Pennsylvania corporation, with its principal place of business in Shamokin, Pennsylvania.

The first count of the complaint alleges that on or about June 7, 1950, plaintiff ordered and agreed to purchase from defendant, who agreed to sell and deliver to plaintiff, two thousand dozen nylon hosiery of certain description at an agreed price of $6.00 per dozen, delivery to be made at the rate of one thousand dozen per week beginning June 8, 1950, and continuing up to June 17, 1950, when delivery was to be completed, and that the terms of the said agreement were more fully set forth in "plaintiff's Confirmation of Order #930", a photostatic copy of which is attached to the complaint and marked Exhibit "A"; that on or about June 9, 1950, pursuant to said agreement, defendant delivered to plaintiff five hundred dozen of nylon hosiery, and on June 19, 1950, six hundred dozen thereof; that plaintiff has paid defendant for the eleven hundred dozen delivered to it, as aforesaid, at the agreed price of $6.00 per dozen; that despite frequent and continuing demands therefor, defendant has refused to deliver the balance of nine hundred dozen nylon hosiery.

Count two of the complaint alleges in language similar to that in count one an order dated June 7, 1950, for two thousand dozen nylon hosiery of certain description at an agreed price of $5.75 per dozen, delivery to be made at the rate of one thousand dozen per week beginning June 8, 1950, and continuing up to June 17, 1950, when delivery was to be completed, and that the terms of the said agreement were more fully set forth in "plaintiff's Confirmation of Order #931", a photostatic copy of which is attached to the complaint and marked Exhibit "B"; that on or about June 9, 1950, pursuant to said agreement, defendant delivered to plaintiff one thousand one dozen of nylon hosiery; that plaintiff has paid defendant for the one thousand one dozen delivered to it, as aforesaid, at the agreed price of $5.75 per dozen; that despite frequent and continuing demands therefor, defendant has refused to deliver the balance of nine hundred ninety-nine dozen nylon hosiery.

Defendant contends that the complaint does not state a claim upon which relief can be granted because it fails to disclose the existence of a contract in that nowhere does there appear on said Exhibit "A" or Exhibit "B" an acceptance by the defendant of the offer contained therein.

The orders hereinabove identified as Exhibits "A" and "B", were on standard printed order forms of plaintiff, numbered respectively 930 and 931. They set out the kind, sizes, quantity, quality and value of the merchandise sought to be purchased, and in great detail specified the covenants and conditions pertinent thereto. The orders were signed by plaintiff's purchasing agent and countersigned by its secretary. To the left of the signatures of plaintiff's officials there appeared a blank line following the word "Accepted," which on both orders (Exhibits "A" and "B") was unsigned.

Defendant claims that failure to have the orders formally accepted by defendant is a "fatal deficiency."

The complaint alleges that on the dates indicated the "plaintiff ordered and agreed to purchase from defendant, and defendant agreed to sell and deliver to plaintiff, * * *." Both of the orders carry this notation at the top, "Confirmation Of Order Placed By Our N.Y.O. Do Not Duplicate."

In Hollidge v. Gussow, Kahn & Co., Inc., 1 Cir., 67 F.2d 459, 460, facts almost paralleling those in the instant case were presented. An order for one hundred sixty thousand advertising leaflets in eight equal monthly issues, buyer to pay $940 per issue or $7,520. for eight issues, was held to be an entire contract accepted by delivery and acceptance of first installment, though there was no express oral or written acceptance. The court said: "In the light of the finding of conferences between the creditor and the bankrupt as to the form and substance of the leaflet, and the actual furnishing of the first of the eight issues, this finding of no oral or written acceptance must be narrowly construed. It obviously means merely that there was no written or oral *technical* and *formal* acceptance of the order."

As above indicated, the complaint specifically sets forth a meeting of the minds of the offeror (vendee) and the offeree (vendor). The written offers, (Exhibits "A" and "B" to the complaint) which formed a part of the complaint, carried the notation, "Confirmation Of Order Placed By Our N.Y.O. Do Not Duplicate." Thus, the complaint further indicates that the parties had conferred prior to the submission of the plaintiff's formal offer. On that showing, and in the light of the finding of the court in the Hollidge case, supra, it cannot be said that this complaint merely states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted to it.[1]

 Certainly by this time the rule is well established that "there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." [2]

Even though it may develop at the trial that we are here dealing with a series of unilateral contracts, part completed and part uncompleted and unconfirmed, the complaint cannot be dismissed for failure to state a cause of action.

The defendant's motion to dismiss is denied.

---

1. Leimer v. State Mut. Life Assur. Co. of Worcester, Mass., 8 Cir., 108 F.2d 302, at pages 305, 306.

2. Continental Collieries, Inc. v. Shober, 3 Cir., 130 F.2d 631, at page 635.