HOUDRY PROCESS CORP.
v.
SINCLAIR REFINING CO.
No. 15118.

United States District Court
E. D. Pennsylvania.
March 17, 1954.

Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., for plaintiff.

Harry E. Sprogell, Philadelphia, Pa., R. T. McLean, New York City, for defendant.

GANEY, District Judge.

Plaintiff brought the action here involved to recover royalties allegedly owed it under a patent rights licensing agreement. Defendant pleaded in tri-

partite fashion to the complaint. First, in an answer it denies that it owed any amount under the agreement. Second, by way of counterclaim it alleges plaintiff was liable to defendant for overpayments. And third, under the heading of "further counterclaim" it states that plaintiff had violated the antitrust laws, and, in so doing, had damaged the defendant to the extent of $1,947,034.92. Plaintiff replied to the counterclaim, but moved to dismiss the "further counterclaim" because, assertedly, that pleading failed to state a claim on which relief could be granted. There are two grounds for this assertion. The first is that the charges do not amount to a violation of the antitrust laws. And the second is that it has not been adequately and sufficiently averred (a) that a violation of the antitrust laws was the proximate cause of the injury to defendant, and (b) that defendant was damaged.

The gist of the "further counterclaim", as amended, is as follows: (1) Plaintiff has entered into pooling of patents agreements with both "A" and "B" oil companies whereby it has acquired the sole and exclusive right to license patent rights relating to the catalytic cracking of oil products of all three business entities. (2) In permitting licensees to use rights under the patents, plaintiff has uniformly followed the policy of requiring them to take all of the patent rights in the pool and to grant back to it rights under the licensees' patents. (3) As a result of that policy plaintiff has been able to charge its licensees, of which defendant is one, excessive royalties. More specifically it is averred that plaintiff has never granted a license under an individual patent or patent right or individually identified patents or patent rights as distinguished from the "package" type license; that it is the sole entity which can grant licenses under the pooling arrangement; that by virtue of such restrictive pooling arrangement and the "package" element in the agreements with licensees, competition in the business of licensing patent rights in the field of catalytic cracking of oil products has been unreasonably and illegally restricted and excessive royalties, which have been illegally fixed, have been charged; and that as a result of such excessive royalties, defendant's damages have been substantial. In short, defendant is trying to point out that plaintiff instead of being content to exploit its patent rights in the usual and customary manner has, on the contrary, gone beyond the permissible limits in exploiting patent rights and in so doing has violated the antitrust laws.

■ In support of the first issue, plaintiff points out that patent pooling arrangements alone, Standard Oil Co. (Indiana) v. United States, 1931, 283 U.S. 163, 51 S.Ct. 421, 75 L.Ed. 926; Transparent-Wrap Machine Corp. v. Stokes & Smith Co., 1947, 329 U.S. 637, 67 S.Ct. 610, 91 L.Ed. 563; Cutter Laboratories v. Lyophile-Cryochem Corp., 9 Cir., 1949, 179 F.2d 80, or the package method of licensing by itself, United States v. Paramount Pictures, 1948, 334 U.S. 131, 159, 68 S.Ct. 915, 92 L.Ed. 1260, are not per se illegal. It admits that pooling plus "something else," United States v. Line Material Co., 1948, 333 U.S. 287, 68 S.Ct. 550, 92 L.Ed. 701; United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 C.Ct. 525, 92 L.Ed. 746, or package licensing plus some other restriction, Automatic Radio Mfg. Co. v. Haziltine Research, Inc., 1950, 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312; United States v. General Electric Co., D.C.N.J.1949, 82 F.Supp. 753, 859, are illegal. It claims however that a pooling arrangement plus package licensing is not illegal. A case in support of or against this claim has not been brought to our attention by either party; nor have we been able to find one. Evidently, as plaintiff suggests, this is a case of first impression. For this reason and the admonishment given in Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, at page 635, that there can be no dismissal of a

pleading for insufficiency except where it appears certain that the pleader would not be entitled to relief under any state of facts which could be proved in support of the claim, we hesitate to make a decisive ruling on defendant's claim under the "further counterclaim" without benefit of a trial. This court may ultimately rule that plaintiff's conduct does not violate the antitrust laws. Nevertheless, we think it wiser to give defendant an opportunity to show the circumstances attending the transactions between plaintiff and its licensees.

█ Concerning the remaining issue, we think the allegations in the "further counterclaim" are sufficient. See Stewart-Warner Corporation v. Staley, D.C. W.D.Pa.1941, 42 F.Supp. 140, 145; Hartford-Empire Co. v. Glenshaw Glass Co., D.C.W.D.Pa.1942, 47 F.Supp. 711.

Accordingly, plaintiff's motion to dismiss the "further counterclaim" will be denied.