**LIBERTY MUT. INS. CO.**

v.

**BORSARI TANK CORP. OF AMERICA,**
et al.

United States District Court, S. D., New York.
June 24, 1954.

Albert P. Thill, Brooklyn, N. Y., for plaintiff.

William F. McNulty, New York City, for defendants.

EDELSTEIN, District Judge.

In an action for a declaratory judgment, defendants move to dismiss under Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C.A. The plaintiff Liberty Mutual Insurance Company is the workmen's compensation carrier in the State of Missouri for the defendant Borsari Tank Corporation, which was engaged as a contractor to perform certain work for the defendant Anheuser-Busch at its plant in Newark, New Jersey. The contract between Borsari and Anheuser-Busch required the latter to furnish the contractor with insurance protecting it under any workmen's compensation act for injuries sustained by its employees on the work at the Newark plant. Anheuser-Busch obtained from the defendant Employers Mutual Liability Insurance Company a policy of workmen's compensation insurance insuring Borsari "only for its workmen's compensation liability imposed by the State of New Jersey." The complaint alleges that a certificate purporting to be all-inclusive in scope was delivered to Borsari which, believing that this policy adequately covered its compensation liability in any state, requested the plaintiff to eliminate from its existing policy all coverage for employees connected with the job at Newark. An endorsement to that effect was added to the policy, although it is conceded that under the law of Missouri the endorsement was ineffective to relieve the plaintiff from liability to employees as a result of injuries or deaths occurring at the Newark job. Subsequently, a fire on that job caused the deaths of three of Borsari's employees, residents of the state of Missouri who had entered into contracts of employment in that state, and for the first time, it is alleged, did Borsari learn of the limitation in the Employers Mutual policy. The complaint seeks a declaration settling the responsibilities of the parties for the compensation liability incurred.

At the time of the complaint and of the notice of motion to dismiss, no compensation awards had been entered in Missouri, and on this basis it was urged that the suit was prematurely brought since the liability was purely contingent and no justiciable issue appeared. Whatever the merits of that contention, it is now presumably withdrawn, because compensation awards now have been entered in Missouri. However, the complaint will require amendment to conform with the present state of facts.

The remaining ground for the motion is that there can be no recovery against defendants because the plaintiff, under Missouri law, would in any event have had to pay the awards, and no fault of the defendants has contributed to the creation of that liability. It is conceded by the plaintiff that it could not have avoided its liability under Missouri law by means of a policy endorsement eliminating the specified employees from coverage. But the fact that the policy was ineffective to cut off the rights of the employees to compensation does not render it ineffective to alter the contractual obligations between plaintiff and Borsari and, via the subrogation clause, to establish rights against the other defendants. Under the contract between plaintiff and Borsari, as amended, it may well

be that the latter was ultimately liable for the payment of compensation awarded to its employees. (At least the defendants have not sought on this motion to establish the contrary conclusion, and the present record is inadequate for a decision of the issue.) The complaint alleges that the coverage secured by Anheuser-Busch was not the coverage contracted for by Borsari, and that Employers Mutual not only issued a narrower policy than required, but that by issuing the all-inclusive certificate to Borsari, it induced Borsari to believe it was fully covered. On a motion to dismiss, the well-pleaded material allegations of the complaint are taken as admitted, and a complaint may not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Continental Collieries, Inc., v. Shober, 3 Cir., 130 F.2d 631. The complaint alleges facts which, if proved, may sustain a recovery on the basis of the contract with Borsari and derelictions by Anheuser-Busch and Employers Mutual resulting in damages to the plaintiff.

Accordingly, the motion will be denied.