**Aaron KAPLAN, Plaintiff,**

**v.**

**Benjamin F. MICHTOM, Ideal Toy Corporation, Irving Woods, The Gillette Company Associated Merchandising Corporation, Defendants.**

United States District Court,
S. D. New York.
Feb. 7, 1955.

Liebman, Eulau & Robinson, New York City, for plaintiff.

Mock & Blum, New York City, for defendants.

**EDELSTEIN, District Judge.**

The defendant Gillette Company moves to dismiss the complaint under Rule 12 (b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in an action against several defendants to recover the reasonable value of an idea for a doll with hair that could be given a permanent wave, plaintiff alleging that all defendants wrongfully appropriated his idea after confidential disclosure by him. The jurisdiction of this court is invoked on the ground of diversity of citizenship. The complaint alleges that after plaintiff had made confidential disclosure of his idea to other of the defendants, in the attempt to sell his idea, he wrote a letter to the predecessor of the moving defendant advising it that he had an idea in which it might be interested and asking whether it would like to know the details. He received a reply, enclosing a "statement of * * * policy on suggestions * * * from outside sources", and advising him that if the terms were agreeable he should complete and return the statement "and we will be happy to consider your suggestion." The letter expressed the hope that the writer would "hear from you again soon". It does not appear what the statement of policy provided, or whether the plaintiff signed it. Plaintiff then wrote a letter to the defendant in which he "communicated his idea" to it. The defendant did not answer his letter until about two months later, when it advised the plaintiff that a doll such as suggested had been planned for more than six months, to be manufactured by certain of the other defendants herein, the ones to whom plaintiff claims he had made a prior confidential disclosure.

■ A motion to dismiss for failure to state a claim upon which relief can be granted may succeed only where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302; Continental Collieries v. Shober, 3 Cir., 130 F.2d 631. The motion cannot be granted on the ground of lack of novelty because I am unable to rule that element to be manifestly absent, or on the ground of abandonment through prior disclosure, which is a matter of intent and open to proof. But the main contention of the moving defendant is that the complaint is defective against it because of the absence of any allegation of "anything to limit the rights" of that defendant, which I take to mean the absence of an allegation of an express agreement. No express agreement is alleged. Nevertheless, the allegations of the complaint are sufficient to permit the plaintiff to adduce proof in support of his claim on the basis of which he would be entitled to recover.

■ Because this is a diversity case, the applicable law is the law of the forum, and defendant cites Williamson v. New York Central R. Co., 258 App.Div. 226, 16 N.Y.S.2d 217, for the proposition that there can be no protection of an "abstract idea" not reduced to a "concrete form" at disclosure in the absence of an express contract; and Grombach Productions v. Waring, 293 N.Y. 609, 59 N.E.2d 425, for authority that in a business idea case there can be no contract implied in law. In the latter case it was held that "the prior gratuitous, unsolicited disclosure allegedly made * * * unprotected by contract, does not create an enforcible contract implied in law." 293 N.Y. at page 616, 59 N.E.2d at page 428. In view of the court's own definition that assent of the person sought to be charged is not

an element of a contract implied in law, I have difficulty in understanding its conclusion that the jury could not be permitted to find such a contract based on the usage in the particular trade. It would seem that there has been a "curious admixture of the principles of quasi and implied-in-fact contracts * * *". 31 Cornell Law Quarterly 382, 389. Nevertheless, the decision in negation of the existence of a contract implied in law in the absence of an express contract was based upon "prior gratuitous, unsolicited disclosure". Whether the plaintiff's disclosure in the case at bar was gratuitous and unsolicited is a matter of proof. It is to be noted, moreover, that the Grombach case apparently involved and "abstract idea", communicated in telephone conversations, a written "presentation" having been rejected as evidence in the case. The decision of the Court of Appeals was not placed on the ground that the idea had not been reduced to "concrete form" at disclosure, nor is there any indication in the opinion that the issue ought to be treated as relevant. In any event it is impossible to determine from the complaint precisely what the form of the disclosure was in this case.

It is certainly proper for courts to be "assiduous in defeating attempts to delve into the pockets of business firms through spurious claims for compensation for the use of ideas. Thus to be rejected are attempts made by telephoning or writing vague general ideas to business corporations and then seizing upon some later general similarity between their products and the motions propounded as a basis for damages." Matarese v. Moore-McCormack Lines, 2 Cir., 158 F.2d 631, 634, 170 A.L.R. 440. But whether this is such a case cannot be determined from the complaint. It does not appear to a certainty that plaintiff will be unable to prove a state of facts giving rise to a right of recovery in quasi-contract, within the rule derived from the Grombach decision.

Accordingly, the motion to dismiss will be denied.