**UNITED STATES of America**

v.

**Gene A. BRUCE Alice A. Bruce.**

**C.A. No. G–84–220.**

United States District Court,
S.D. Texas,
Galveston Division.

April 16, 1986.

Joe A. Pitzinger, III, Asst. U.S. Atty., Tax Div., Dept. of Justice, Dallas, Tex., for plaintiff.

Leta J. Moeller, Houston, Tex., for defendants.

HUGH GIBSON, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Internal Revenue Service (IRS) filed this action, pursuant to 26 U.S.C. § 7405, to recover from taxpayers Gene A. and Alice A. Bruce, a tax refund which the IRS had erroneously issued to the Bruces. The Bruces contend that the IRS' suit is barred by limitations and, alternatively, that the tax refund issued by the IRS is accurate. The Court tried this case on March 25, 1986.

Having reviewed all evidence, the Court concludes that the IRS' suit is time-barred. Pursuant to Fed.R.Civ.P. 52, the Court now makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. In 1982, the defendants, Gene A. and Alice A. Bruce, submitted their W–2 Wage & Tax Statements for 1981 and requested the IRS to compute their tax. The Bruces' W–2s showed that during 1981, a sum of $5,496.19 was withheld as federal income tax.

2. The IRS computed the Bruces' tax liability to be $5,294.00. Thus, the Bruces were entitled to a refund of $202.19.

3. Unfortunately, the IRS computers misplaced a comma and reported the Bruces' withholding tax to be $54,961.96—ten times greater than the amount actually withheld. Consequently, a refund in the amount of $49,667.96 (the difference of $54,961.96 and $5,294.00) was issued to the Bruces.

4. On or about May 25, 1982, Mrs. Alice A. Bruce celebrated the birthday of her first grandson. Approximately a few days later, Mrs. Alice Bruce and her live-in daughter received in the mail a refund of $49,667.96 issued by the IRS. The check was dated May 28, 1982. Overjoyed yet uncertain, Mrs. Bruce told her sister and later on, her son, about the refund. Neither Mrs. Bruce nor her family members can specify the exact date on which Mrs. Bruce received the check. However, the evidence shows that she received the refund no later than a week following the birthday party, or June 3, 1982.

5. Mrs. Bruce attempted to contact local IRS agents about the check, and was assured of her entitlement to the refund. Out of caution, Mrs. Bruce held on to the check and did not cash it until August 10, 1982.

6. Mrs. Bruce honestly believed that the refund check was based upon payments her estate had made to the IRS in connection with her previously filed bankruptcy petition.

7. On August 9, 1982, the IRS discovered its computer mistake and immediately issued a notice advising the Bruces of the error.

8. Mrs. Bruce did not receive the IRS notice until after she had deposited the refund check.

9. Since then, Mrs. Bruce has not received any other tax refund from the IRS. In addition, she has made the following payments to the IRS:

| Date | |
|---|---|
| 9/3/82 | $ 2,000.00 |
| 2/14/83 | $ 3,294.00 |
| 3/11/83 | $ 783.14 (In connection with defendants' bankruptcy matters, see defendants' Exhibit 6) |
| 6/22/83 | $18,800.00 |
| 4/15/84 | 56.00 |
| TOTAL: | $24,933.14 |

10. The IRS initiated this suit on June 6, 1984.

### Conclusions of Law

1. Section 6532(b) of the Internal Revenue Code of 1954 provides that a suit for the recovery of an erroneous refund pursu-

ant to Section 7405 must be brought within two years after the making of such a refund. The statute extends the limitations period to five years if any part of the refund was induced by fraud or misrepresentation of a material fact. 26 U.S.C. § 6532(b). Having found no evidence of fraud or misrepresentation, the Court concludes that the two-year statute applies to the case at bar.

2. Relying on *United States v. Wurts*, 303 U.S. 414, 418, 58 S.Ct. 637, 639, 82 L.Ed. 932, the IRS argues that the statute began to run on August 10, 1982, when the taxpayer deposited or negotiated the check. *Wurts* held, however, merely that limitations began to run on the date the refund was paid, *not* the date the Internal Revenue Commissioner approved the refund. Thus, *Wurts* does not stand for the proposition asserted by the IRS.[1]

■ This Court is not persuaded that the date of negotiation should be used to trigger the statute. The right to initiate suit lies exclusively within the province of the government—the party who made the error and who discovered its error. Where Congress has spoken and established a specific time for the government to detect its errors and to file suit, the government should not be allowed to benefit from an extension depending on the taxpayer's conduct. The IRS should have sued by June 3, 1984. Having failed to do so, it is now time-barred from maintaining suit.

3. The Court need not decide whether the statute begins to run on the date of mailing or the date of receipt. Under either date, the government's action would have been untimely.

4. Since defendants have not asserted any counterclaim, the Court need not decide whether the defendants may recoup any reimbursement they have made to the IRS since they became aware of the IRS' erroneous refund.

5. Accordingly, it is ORDERED, ADJUDGED and DECREED that the plaintiff, United States of America, recover nothing from defendants, Gene A. and Alice A. Bruce.

6. If any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. If any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

---

1. The IRS relies on dictum language in *Wurts*, arguing that until the check is negotiated or cashed, the IRS retains the power to cancel or stop payment. To adopt this position would mean to allow an extension of the limitations statute based on the unpredicted conduct of the taxpayer who can select to cash or deposit the check, or merely "store[-] it in a shoebox." *See United States v. Woodmansee*, 388 F.Supp. 36, 46 (N.D.Calif.1975), *rev'd on other grounds*, 578 F.2d 1302 (9th Cir.1978).

The Court notes further that in *Wurts*, the Supreme Court reversed the lower court's holding that the government's action was time-

barred. In its recitation of the facts, the Supreme Court made note of the date on which the refund was *mailed*. Using the mailing date would render the government's action in *Wurts* timely.

Other case authorities interpret the "making" of the refund to mean the date of receipt. *See Woodmansee, supra; Paulson v. United States,* 78 F.2d 97 (10th Cir.1935); *Akers v. United States,* 541 F.Supp. 65 (M.D.Tenn.1981). The scarcity of case law on this point, perhaps, is some evidence that the IRS seldom makes the kind of mistake found in this lawsuit.