UNITED STATES of America, Plaintiff,

v.

CPC INTERNATIONAL INC.
& its consolidated domestic
subsidiaries, Defendant.

Civ. No. 94–3232 (WHW).

United States District Court,
D. New Jersey,
Civil Division.

Feb. 8, 1995.

Charles M. Flesch, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

John M. Agnello, Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart & Olstein, Lyndhurst, NJ, F. David Lake, Jr., Erik H. Corwin, Wilmer, Cutler & Pickering, Washington, DC, for defendant.

## OPINION

WALLS, District Judge.

This matter is before the Court on the motion of defendant, CPC International Inc. (CPC), to dismiss this complaint for lack of subject matter jurisdiction and for failure to state a claim.

## STATEMENT OF FACTS

The United States is suing to recover an erroneous refund pursuant to 26 U.S.C. § 7405. In 1990, the Internal Revenue Service (IRS) examined CPC's federal Form 1120 income tax returns for tax years 1978 through 1983. On October 30, 1990, the IRS issued a refund check to CPC in the amount of $3,713,283.84 of which $297,495.71 was refunded erroneously. The Government maintains that the $297,495.71 represented an overpayment by the IRS of allowable interest for tax year ending 1983.

On July 10, 1992, the IRS issued a refund check to CPC in the amount of $5,014,947.03 for tax year ending 1983 as a result of an additional carryback to CPC's 1983 year from tax years 1985 and 1986. At that time, the government failed to retain or setoff the $297,495.71 against the $5,014,947.03 refund. CPC has refused to return the $297,495.71,

despite being advised that the IRS overpaid interest for tax year 1983.

On July 8, 1994, the Government filed a complaint against CPC to recover the $297,-495.71 with interest and attorney fees.

CPC argues that the Court lacks subject matter jurisdiction and that plaintiff fails to state a claim because such is time barred. CPC contends that the two (2) year period for bringing such an erroneous refund suit commenced October 30, 1990.

The Government counters that it had a right to retain and deduct the $297,495.71 against the refund made to CPC on July 10, 1992. The Government's failure to setoff that stated amount against the July 1992 refund caused the July 1992 refund to be erroneous to the extent of $297,495.71. The statute of limitations, the Government asserts, therefore began to run in July 1992, not October 1990, making the July 8, 1994 filing of the complaint timely.

### RULE 12(b)(6) DISMISSAL ON STATUTE OF LIMITATIONS GROUNDS

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure when an affirmative defense appears on its face. *See Ala, Inc. v. CCAIR, Inc,* 29 F.3d 855, 859 (3d Cir.1994) (citing *Continental Collieries, Inc. v. Shober,* 130 F.2d 631, 635 (3d Cir.1942)). Under Rule 8(c) of the Federal Rules of Civil Procedure, the statute of limitations is an affirmative defense "and the burden of establishing its applicability to a particular claim rests with the defendant." *See Bradford–White Corp. v. Ernst & Whinney,* 872 F.2d 1153, 1161 (3d Cir.1989), *cert. denied sub nom. Ernst & Whinney v. Bradford–White Corp.,* 493 U.S. 993, 110 S.Ct. 542, 107 L.Ed.2d 539 (1989) (quoting *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 487 (3d Cir.1985)).

In the present case, there is a two year statute of limitations for the government to exercise its right to sue for the recovery of an erroneous refund. 26 U.S.C.A. § 6532(b).

Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.

26 U.S.C.A. § 6532(b).

### DISCUSSION

■ A cause of action consists of the plaintiff's right claimed and the defendant's infringement of that right. The infringement is established according to the facts. A given set of facts may give rise to the infringement of separate and distinct rights and thereby separate causes of action. *See* 1A C.J.S. *Actions* § 21 (1985). The plaintiff has the right to bring an action when the acts or omissions constituting the cause of action occur. *Id.* A statute of limitations determines the appropriate time period permitted by law to the plaintiff to commence suit after the accrual of the cause of action.

■ In the present case, the Government has the right to recover erroneous refunds. CPC infringed that right when it refused to return the requested sum to the Government. The Government has a cause of action. When did this cause of action arise? Did the right to sue occur when the government made the erroneous refund or when CPC failed to repay the requested sum?

Guidance can be found in 26 U.S.C.A. §§ 7405 and 6532. Section 7405 specifically gives the Government the right to sue to recover erroneous refunds while section 6532(b) compels the Government to bring such a suit "within two years after the making of such refund ... [unless] the refund was induced by fraud or misrepresentation of a material fact." 26 U.S.C.A. § 6532(b). The Government's right to sue for the recovery of an erroneous refund therefore accrues when the IRS makes the refund and the right is extinguished after two years from the date of refund. In *U.S. v. Wurts,* 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932 (1938), the Supreme Court defined what is a refund for purposes of § 6532(b) and when the statute begins to run. The Commissioner of Internal Revenue had erroneously approved

a refund on March 15, 1932. On April 30, 1932, the check representing that refund was mailed to the taxpayer. On April 26, 1934, the Government filed suit to recover the refund. The issue before the Court was whether the statute of limitations began to run from the time the Commissioner allowed the refund or when the refund was paid. The Court found that the statute began to run from the date of payment:

> We are of opinion that Congress did not intend the limitations § 610[1] to run against the Government until the Government's right "has accrued in a shape to be effectually enforced." (footnote omitted) (quoting *Borer v. Chapman,* 119 U.S. 587, 602 [7 S.Ct. 342, 349, 30 L.Ed. 532] (1887)).

> This statute does not begin to run against the Government when a claim is erroneously allowed. It begins to run from the date of payment.

303 U.S. at 418, 58 S.Ct. at 639.

In later cases, courts would rely on *U.S. v. Wurts* to resolve similar issues concerning the limitations period of Section 6532. *See, e.g., U.S. v. Bruce,* 642 F.Supp. 120 (S.D.Tex. 1986); *Akers v. U.S.,* 541 F.Supp. 65 (M.D.Tenn.1981).

In *U.S. v. Bruce,* the IRS made an erroneous refund to the taxpayer by check. The exact date of the payment was not stated, however, the taxpayer received it not later than June 3, 1982. On August 9, 1982, the IRS discovered its computer mistake and immediately issued a notice advising the taxpayer of the error. On June 6, 1984, the IRS filed suit to recover the refund. The District Court found that the Government should have sued within two years of the receipt of payment by the taxpayer, or not later than June 3, 1984. 642 F.Supp. at 122. Because the case was time-barred, the Court adjudged that the United States could not recover from the taxpayer.

In *Akers v. U.S.,* the IRS refunded $3,019.93 to the taxpayers on May 13, 1977. The following legend was printed on the check: "12/73 ... Tax Refund". 541 F.Supp. at 66. On April 4, 1979, the Commissioner of Internal Revenue billed the taxpayers for $3,307.15 to satisfy a tax balance. On May 14, 1979, the taxpayers paid that amount under protest. The taxpayers argued that their May 14, 1979 payment was more than two years after the Government's refund by check dated May 13, 1977 and therefore the Government's claim was time barred. The District Court for the Middle District of Tennessee disagreed, saying that the statute of limitations for erroneous refunds begins to run from the date the taxpayer has received the check and not from the date of the check's issuance. *Id.* at 67. The evidence in the case showed that the IRS' check dated May 13, 1977 was mailed on May 16, 1977. Assuming that May 16, 1977 was the earliest possible date (albeit unrealistically) that the taxpayers could have received the check, the Court measured the limitations period from that date. *Id.* at 67–68. The Court concluded that the limitations period expired May 17, 1979. *Id.* (Rule 6(a) of the Federal Rules of Civil Procedure provides that when measuring time periods, the day of the act or event giving rise to the action is excluded.) Evidence further showed that the IRS received the taxpayers' payment on May 15, 1979. Finding that the taxpayers' payment was made within the limitations period, the District Court concluded that the taxpayers were still exposed to the Government's claim for additional tax. *Id.*

The Supreme Court in *Wurts* held that the statute began to run from the "date of payment" and District Courts in *Bruce* and *Akers* have interpreted that "date of payment" as the date that the taxpayer received the payment.

In the present case, no evidence of fraud or misrepresentation has been shown which would extend the Section 6532(b) time period from two to five years. The limitations period ran from the date of payment or from the date that the taxpayer received the payment. According to paragraph 8 of the Government's complaint, the IRS issued a refund check to CPC on or about October 30, 1990. $297,495.71 was refunded inadvertently. Based on the above decisional law, the limita-

---

1. Section 610 of the Revenue Act of 1928, the predecessor of section 7405, set forth the two year statute of limitations for the government's recovery of erroneous refunds.

tions period expired probably in November, 1992. The Government's suit filed on July 8, 1994 is time barred.

However, the Government argues that the statute of limitations did not begin to run after the October 30, 1990 refund but after the July 10, 1992 refund. By failing to deduct the overpayments in the July refund, the Government maintains that the July refund is also erroneous and the limitations period should begin from that date. This Court disagrees.

The only erroneous refund involved in the present case is the October 30, 1990 refund to the extent of $297,495.71. When the IRS examined CPC's federal Form 1120 income tax returns for tax years 1978 through 1983, it refunded the incorrect amount based on those forms. Unlike the October 30, 1990 refund, there is no indication that when the IRS refunded $5,014,947.03 on July 10, 1992 that it incorrectly calculated that amount based on the income tax returns. The Government simply failed to subtract from its July 1992 calculation—without any inducing conduct of CPC—the $297,495.71 which it had incorrectly sent to CPC in October 1990. That failure neither gives birth to a new cause of action nor revives the limitations period, which, as discussed, most likely terminated in November, 1992. If the Government were allowed the benefit of its unassisted succession of mistakes, the statute of limitations, arguably, would never expire with its underlying purposes of certainty and finality frustrated.

The Court finds that the Government's claim is untimely and barred by the Statute of Limitations of 26 U.S.C.A. § 6532(b).

## CONCLUSION

The Government's cause of action against CPC International Inc. is dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).